UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELIAS MAKERE,

      Plaintiff,

v.                                             CASE NO. 3:24-cv-189-WWB-SJH

STANDARD INSURANCE
COMPANY, et el.,

      Defendants.
_____/

## ORDER

This cause is before the Court *sua sponte*. For the reasons below: (i) the parties will be **directed** to file a case management report; (ii) Plaintiff and Defendants Standard Insurance Company and Ben Wacker will be **directed** to file disclosure statements pursuant to Local Rule 3.03; and (iii) the parties will be **directed** to file a joint statement as to the status of Plaintiff's prior appeal and this Court's jurisdiction.

**I.  Case Management Report**

Plaintiff, proceeding *pro se*, initiated this action in state court by filing a Verified Civil Complaint ("Complaint"), Doc. 4, which was removed to this Court based on federal question jurisdiction, Doc. 1. Given the unusual history of this case, upon review, it appears that no case management report has been filed or scheduling order entered. On April 5, 2024, the Court entered an Order extending the deadline for the completion of a case management report until April 11, 2024. Doc. 22. Prior

to the deadline, on April 10, 2024, the Court entered an Order dismissing this action without prejudice. Doc. 23. That Order has since been vacated. Doc. 30. After some additional twists and turns, the case was again dismissed, Doc. 40, but that dismissal was also vacated, Doc. 46. The offshoot is that no case management report has been filed. Accordingly, the parties are **directed** to file a case management report on or before **October 31, 2024**.

## II.     Disclosure Statements

Local Rule 3.03 requires each party to file a disclosure statement, using the Court's standard form, with its first appearance. Upon review, Defendant Elyon International, Inc. ("Elyon"), but only Elyon, has done so. Doc. 34. Accordingly, Plaintiff and Defendants Standard Insurance Company ("Standard") and Ben Wacker ("Wacker") are **directed** to file disclosure statements pursuant to Local Rule 3.03 on or before **October 31, 2024.**

## III.    Plaintiff's Appeal

There are currently two pending motions to dismiss directed to the Complaint ("Motions to Dismiss"): (i) Standard and Wacker moved to dismiss the Complaint on March 1, 2024 ("Standard and Wacker Motion"), Doc. 11; and (ii) Elyon moved to dismiss the Complaint on June 5, 2024 ("Elyon Motion"), Doc. 31.

As previously referenced, prior to Elyon's appearance, the Court entered an Order on April 10, 2024, granting the Standard and Wackard Motion and dismissing this action without prejudice ("First Dismissal Order"). Doc. 23. On April 15, 2024,

Plaintiff moved under Rule 60 for relief from the First Dismissal Order ("Motion for Relief"). Doc. 25. Prior to a ruling on the Motion for Relief, Plaintiff filed a notice of appeal of the First Dismissal Order on April 19, 2024 ("Appeal"). Doc. 26. On June 3, 2024, the Court entered an Order granting the Motion for Relief and vacating the First Dismissal Order. Doc. 30.

On August 13, 2024, the Court again dismissed the case without prejudice ("Second Dismissal Order"). Doc. 40. After another motion for relief on September 6, 2024, Doc. 42, the Court entered an Order vacating the Second Dismissal Order and again reopening this case, Doc. 46. In so doing, it allowed Plaintiff until October 9, 2024, to respond to the Motions to Dismiss. *Id.* On October 9, 2024, Plaintiff filed Plaintiff's Notice of Opposition [Sans Response] ("Notice"). Doc. 48.

In the Notice, Plaintiff represents that he opposes the Motions to Dismiss but "does not have time to respond to them. Nor does he expect to [ever] have any time to do so." *Id.* at 1. As such, Plaintiff represents that he opposes the Motions to Dismiss but does not intend to respond to them such that the Court need not await any response from him. *Id.* at 1, 4. In the Notice, however, Plaintiff also represents that his Appeal (of an order the Court has since vacated in granting his pre-Appeal Motion for Relief) remains pending. *Id.* at 2.

Before addressing the Motions to Dismiss, which have been referred to the undersigned for a report and recommendation as to an appropriate resolution, the parties will thus be directed to file a joint statement by **October 31, 2024**, addressing, with citations of authority: (i) the status of the Appeal; and (ii) whether and to what

3

extent this Court presently has jurisdiction.[1] If the parties do not agree on these issues, they may file separate statements outlining addressing these issues by **October 31, 2024**.

### IV. Conclusion

Accordingly, it is **ORDERED** that the parties are **directed** to comply with the instructions and deadlines herein. Failure to do so may result in sanctions.

**DONE AND ORDERED** in Jacksonville, Florida, on October 11, 2024.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

*Pro Se* Plaintiff
Counsel of Record

---

[1] This Court had jurisdiction to vacate the First Order of Dismissal. *See* Doc. 30 at 2. Indeed, where a timely Rule 60 motion is filed *before* a notice of appeal, the appeal is suspended pending a ruling on the motion. *See id.*; *see also* Fed. R. App. P. 4(a)(4); *Bussey-Morice v. Kennedy*, No. 6:11-cv-970-Orl-41GJK, 2015 WL 12089720, at *4 n.4 (M.D. Fla. May 13, 2015); *cf. Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 745-46 (11th Cir. 2014); *Williams v. Royal Dutch Gas Station*, No. 8:23-cv-2098-CEH-JSS, 2023 WL 8437719, at *1 n.1 (M.D. Fla. Nov. 15, 2023). While it thus appears the Court also has jurisdiction to address the Motions to Dismiss on the merits, given Plaintiff's recent representation concerning the Appeal and the unusual posture of this case, I will allow further briefing on this issue before proceeding to the merits of the Motions to Dismiss. If any party contends the status of the Appeal requires any of the other deadlines herein to be modified, then an appropriate motion may be filed.

4